ISRAEL MARIENTHAL ET AL. *v.* H. J. AMBURGH ET AL.

(No. 9,304.)

1. In an action against a firm by the partnership name, commenced by service of process at the place of business, leave was given to substitute the individual names of the partners as defendants. *Held:* that the substitution was not complete, and that it was therefore error to try the case and render judgment against the partners, until the petition had been so amended as to charge them, and process been served upon them.

2. This error was not waived by a motion for a new trial, made in the firm name, but subsequently withdrawn.

GENERAL TERM.—Proceeding in error, by Israel Marienthal, G. Lehman, and Leopold Block, to obtain the reversal of a judgment rendered against them at special term. The error assigned is, that they were not properly made parties to the cause.

The action was originally brought against the firm of Marienthal, Lehman & Co., and process was served at their place of business, in accordance with the provisions of the act "in aid of the law regulating suits by and against companies and partners."

A trial was had, a verdict rendered for the plaintiff, and a new trial granted upon condition that the defendants pay the costs. And thereupon the defendants having complied with the condition, the following entry was made:

"It appearing to the court that the defendants have paid the costs in this cause, under a former order herein, it is therefore ordered by the court that a new trial be granted. Therefore, leave is given to the plaintiffs to substitute the individual names of the members of the firm of Marienthal, Lehman & Co., to wit: Israel Marienthal, G. Lehman, and Leopold Block, partners by name of Marienthal, Lehman & Co., as the defendants in this action, instead of the partnership doing business in the State of Ohio."

Israel Marienthal et al. *v.* H. J. Amburgh, et al.

The attorney, who had previously represented the firm, then declined to appear for the persons named as individual partners, and the cause proceeded to trial, resulting in a verdict and judgment for the plaintiff.

*Jos. Abraham,* for plaintiffs in error.

*Stallo & McCook,* for defendants in error.

HOADLY, J., delivered the opinion of the court:

It is alleged that the court erred in making the order of substitution.    It is unnessary to decide how far the authority to permit amendments justifies the substitution of a new party, or whether the change made in this case can be so called, for we are of opinion that the order does not extend beyond a permission or leave to make a substitution, that it does not itself make the substitution, and that it could only become effectual by proper amendments of the pleadings, and the service of process on the individual partners, and this is indeed all that it seems to have designed.

There are but two ways of bringing a defendant into court, a voluntary appearance, or the service of process.   While the court knew by the pleadings that a firm existed in Ohio by the name of Marienthal, Lehman & Co., they had no judicial knowledge that Israel Marienthal, G. Lehman, and Leopold Block composed that firm.   Before that could be known to the court, there must have been a petition, charging them as partners, process served, and a day in court given them to admit or deny their liability.

The very act under which this suit was brought provides for the enforcement of a judgment, where the money can not be made by execution against the firm, by bill in chancery and issuing process against " such persons as may appear to have been members of such firm."   Swan's Statutes, 706.

We are, therefore, of opinion that the court erred at special term in proceeding to try the cause and render judgment before the plaintiffs had amended their petition and served process upon the individual partners.

The motion for a new trial made by Mr. Abraham, attorney for the original defendants, was no waiver of the error. It was filed in the name of the firm, who still legally remained the defendants, the substitution not having been made complete, and by leave of the court was subsequently withdrawn.

Judgment reversed and cause remanded for further proceedings.

Storer and Spencer, JJ., concurred.

Judgment reversed.